NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ARMONISE TOUSSAINT,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 05-76797

Agency No. A78-353-614

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Armonise Toussaint, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The agency found Toussaint failed to meet her burden of establishing past persecution or a well-founded fear of future persecution on account of a protected ground. The record does not compel a contrary result. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (petitioner bears burden of establishing eligibility for asylum). Thus, we deny the petition as to Toussaint's asylum claim.

Because Toussaint failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Further, substantial evidence supports the agency's denial of Toussaint's CAT claim because she failed to show that it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Haiti. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

05-76797

We reject Toussaint's contentions that the agency failed to review the evidence adequately or applied an incorrect legal standard.

The 90-day stay of proceedings granted on September 14, 2015, has expired. Respondent's motion to terminate the stay of proceedings is denied as moot.

Finally, we deny Toussaint's motion to remand.

**PETITION FOR REVIEW DENIED**.